**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **CHRISTOPHER HAMILTON, ET AL.,**<br>　　　Plaintiffs,<br>　　vs.<br>**ADVANCED MICRO DEVICES, ET AL.,**<br>　　　Defendants. | Case No.: 15-CV-1890 YGR<br><br>ORDER DENYING ADMINISTRATIVE MOTION FOR ENLARGEMENT OF TIME TO FILE SECOND AMENDED COMPLAINTS<br><br>DKT. NO. 78 |
| **JAKE HA,**<br>　　　Plaintiffs,<br>　　vs.<br>**JOHN E. CALDWELL, ET AL.,**<br>　　　Defendants | Case No. 15-CV-4485 YGR<br><br>DKT. NO. 51 |

On Friday, September 7, 2018 at 4:34 p.m., Plaintiff Hamilton filed an administrative motion for enlargement of time to file his second amended complaint. (*Hamilton* Dkt. No. 78.) This Court's August 24, 2018 Order granting the motions to dismiss in the above-captioned actions gave plaintiffs in both actions leave to file amended complaints by no later than Tuesday, September 11, 2018. (Dkt. No. 76 in 15-cv-1890-YGR and Dkt. No. 50 in 15-cv-4485-YGR [hereinafter "Order"].) On September 11, 2018, plaintiff Ha filed a joinder in Hamilton's administrative motion. (*Ha* Dkt. No. 51.) Defendants oppose the administrative motion and joinder. The Court having carefully considered the motion, opposition, and pleadings in this action, and for the reasons stated herein, **DENIES** Hamilton's motion to enlarge the time to file a second amended complaint.

In its Order granting the motions to dismiss, the Court found that both complaints failed to allege that a majority of the relevant AMD Board was not capable of making a disinterested,

independent decision with respect to a pre-suit demand. (Order at 17, 22.) In so finding, the Court made two predicate decisions: (1) that the relevant board of directors for purposes of establishing demand futility was the board in place at the time of the filing of the original complaints (June 4, 2015 in *Hamilton* and September 29, 2015 in *Ha*); and (2) with respect to the *Hamilton* action, allegations that specifically cited and relied upon documents obtained under a protective order in the underlying securities action, *Hatamian v. Advanced Micro Devices, Inc. et al.,* 14-cv-226 YGR, would not be considered. (*See* Order at 12, 14.) With respect to the former, the Court found the parties' stipulation that the relevant board "shall be the composition of the Board of Directors as of . . . the date this action was initiated," was sufficiently ambiguous that the Court would accept the amended complaint's allegations that the analysis of the amended complaints should consider the earlier boards. The Court enforced this meaning of the parties' stipulation despite the general rule that "[t]he relevant board is the board as it was constituted when the shareholders filed their amended complaint." *Louisiana Mun. Police Employees' Ret. Sys. v. Wynn*, 829 F.3d 1048, 1058 (9th Cir. 2016) (quoting *Braddock v. Zimmerman*, 906 A.2d 776, 786 (Del. 2006)).

With respect to the latter, the Court found that the terms of the *Hatamian* protective order precluded the use of protected material disclosed to Hamilton in connection with any other litigation. (*Id*. at 14.) Without considering the allegations relying on the documents covered by the *Hatamian* protective order, the Court found that the remainder of the allegations in the amended complaint did not allege demand futility sufficiently. The Court granted leave to amend "because plaintiffs have not indicated whether they can allege any facts from sources not otherwise covered by the *Hatamian* Protective Order to augment their complaints." (*Id*. at 24.) The Order stated that "[a]ny amended complaint must be filed no later than September 11, 2018 . . . [and i]f no amended complaint is filed, the action shall be dismissed effective September 12, 2018." (*Id.*)

Thus, shortly before the deadline for filing his amended complaint, Hamilton filed the instant motion for an extension to allow him to make a request for shareholder inspection rights under Delaware Code title 8, section 220, upon which he hoped to obtain information that would permit him to allege demand futility sufficiently. Hamilton asks the Court to stay this action during the pendency of any proceedings regarding the shareholder records demand and to permit him to

amend the complaint thereafter. On September 13, 2018, *after* the deadline to amend his complaint, Hamilton served a request to inspect corporate books, pursuant to Delaware Corporations Code Title 8, section 220, on the current board chair for Advanced Micro Devices, Inc., requesting the twenty-two AMD internal documents obtained under the *Hatamian* protective order and cited in the Amended Complaint. (Dkt. No. 82.) The inspection request identifies the internal AMD documents by Bates number as they were produced in the *Hatamian* litigation. (*Id.* at ECF p. 11.)

Defendants contend that Hamilton's effort to obtain the same documents excluded from consideration by the Court by way of a shareholder records demand, in an effort to supplement its allegations, would be contrary to the *Hatamian* protective order and this Court's Order. The Court agrees.

The *Hatamian* protective order permitted individuals receiving protected material under its terms to use that material "in connection with this case only." (*Hatamian* protective order at ¶ 7.1.) Hamilton never sought relief from the designation of the documents as protected material, as is permitted by the protective order. (*Id.* at ¶ 6.) The scope of the protections extended to "cover not only Protected Material . . . but also (1) any information copied or extracted from Protected Material." (*Id.* at ¶ 3.) Thus, Hamilton was precluded, by the terms of the protective order, from using the documents or information derived from the documents in his own litigation. Hamilton never sought to invoke the shareholder inspection demand process at any time during the four years the *Hatamian* action was pending and the instant actions were stayed.[1] Hamilton does not explain why he should be able to utilize the section 220 process now to obtain discovery from the *Hatamian* litigation, to which he was privy only under the terms of the protective order.

Further, Hamilton's motion indicates that he presently does not have sufficient information from other non-protected sources sufficient to cure the defects in his complaint. The Delaware Supreme Court has "repeatedly admonished plaintiffs to use the 'tools at hand' and to request

---

[1] Indeed, it appears that on January 30, 2018, before Hamilton filed his amended complaint incorporating information from the documents obtained under the *Hatamian* protective order, defendants noted that the protective order prohibited such use. (Declaration of Jason Hegt, Exh. 1, Dkt. No. 80-1.)

3

company books and records under Section 220 to attempt to substantiate their allegations *before* filing derivative complaints." *California State Teachers' Ret. Sys. v. Alvarez*, 179 A.3d 824, 839 (Del. 2018), petition for certiorari filed June 21, 2018. Plaintiffs plainly had an obligation to investigate the factual basis for their claims before filing either the original or the amended complaint. *See* Fed. R. Civ. P. 11; *see also South v. Baker*, 62 A.3d 1, 22 (Del. Ch. 2012) (courts will impose "an evidentiary presumption that a plaintiff who files a *Caremark*[2] claim hastily and without using Section 220 or otherwise conducting a meaningful investigation has acted disloyally to the corporation and served instead the interests of the law firm who filed suit"). That plaintiffs' failure to conduct such an investigation before renders them unable to amend their complaint within the time provided does not justify the enlargement of time they seek. In sum, Hamilton has not offered good cause for his delay in seeking the information necessary to amend the complaint.

Further, allowing Hamilton to continue to search for information sufficient to shore up the complaint's defects, while still freezing the relevant board as the one that existed more than three years ago, runs contrary to the principles underlying derivative actions. Until a derivative claim is "validly in litigation," the board has the "right and duty to control corporate litigation . . . to ensure that through derivative suits shareholders do not improperly seize corporate powers." *Braddock v. Zimmerman*, 906 A.2d 776, 785 (Del. 2006). A plaintiff who amends the complaint in a derivative action is only excused from making a new demand on the current board if the original complaint was: (1) well pleaded; (2) satisfied the legal test for demand excusal; and (3) alleges the same act or transaction as the prior complaint. *Id.* at 786. Thus, the general rule is that, when "a plaintiff's complaint has been dismissed and the plaintiff is given leave to file an amended complaint . . . the plaintiff must make a demand on the board of directors in place at that time the amended complaint is filed or demonstrate that demand is legally excused as to that board." *Id.*

Hamilton was permitted to skirt the normal rule with respect to his voluntary amendment of the complaint, prior to any review of its sufficiency, based upon the parties' stipulation. However, the Court declines to extend the reach of that stipulation to allow amendment of a complaint that it has found insufficient. In the absence of a demand on the board presently in place, or a

---

[2] *In re Caremark International Inc. Derivative Litigation*, 698 A.2d 959 (Del.Ch. 1996).

4

demonstration that demand is legally excused as to that board, the derivative complaint must be dismissed, per *Braddock*.

Because Hamilton seeks an enlargement of time to obtain information: (1) derived from documents obtain under the protective order in *Hatamian*; and (2) relevant only to establishing that demand on the 2015 board would have been futile, the instant motion must be **DENIED**.

Plaintiff Hamilton essentially concedes that he cannot amend his complaint. Plaintiff Ha is silent. The plaintiffs' actions suggest an inability to cure the defects of their respective complaints. However, out of an abundance of caution, plaintiffs Hamilton and Ha may file second amended complaints no later than **September 26, 2018**. Failure to file a second amended complaint by that date will result in dismissal of the action. Should either plaintiff file a second amended complaint, defendants shall file their response no later than **October 10, 2018**.

**IT IS SO ORDERED**.

Date: September 20, 2018

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**